UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| VASCULAR SOLUTIONS LLC, TELEFLEX INNOVATIONS S.À R.L., ARROW INTERNATIONAL, INC., AND TELEFLEX LLC, | Court File No. 0:19-cv-1760 (PJS/TNL) |
| Plaintiffs/Counterclaim Defendants, | |
| v. | **DEFENDANTS' ANSWER, DEFENSES, AND COUNTERCLAIMS TO PLAINTIFFS' COMPLAINT** |
| MEDTRONIC, INC., AND MEDTRONIC VASCULAR, INC., | |
| Defendants/Counterclaim Plaintiffs. | |

Defendants Medtronic, Inc. and Medtronic Vascular, Inc. (collectively "Medtronic") hereby answer and otherwise respond as follows to the Complaint of Plaintiffs Vascular Solutions LLC, Teleflex Innovations S.à r.l., Arrow International, Inc., and Teleflex LLC (collectively "Teleflex"). All averments and allegations not expressly admitted herein are denied. The paragraph numbers and headings correspond to those in the Complaint.

## PARTIES

1. Plaintiff Vascular Solutions LLC is a Minnesota entity with a place of business at 6464 Sycamore Court North, Maple Grove, MN 55369. Together with its affiliated companies, Vascular Solutions LLC develops and manufactures clinical products for use in minimally invasive coronary and peripheral vasculature procedures. Vascular Solutions LLC's innovative products are developed to satisfy the needs of physicians performing complex vascular procedures.

**ANSWER:** Medtronic lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1, and therefore denies the same.

2.      Plaintiff Teleflex S.à r.l. is a Luxembourg corporation affiliated with Vascular Solutions LLC. Teleflex S.à r.l. is the owner by assignment of the patents-in-suit.  Teleflex S.à r.l. granted an exclusive license to the patents-in-suit to Vascular Solutions LLC to make, use, offer to sell, and sell products that are covered by the patents-in-suit along with the right to participate in litigation to enforce the patents-in-suit and other rights and obligations as stated in agreements between Vascular Solutions LLC and Teleflex S.à r.l.

**ANSWER:**  Medtronic lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2, and therefore denies the same.

3.      Plaintiff Arrow is a Pennsylvania corporation with a place of business at 550 East Swedesford Road, Suite 400, Wayne, PA 19087 and is affiliated with Vascular Solutions LLC and Teleflex S.à r.l.  Vascular Solutions LLC granted Arrow an exclusive license to offer to sell and sell under the patents-in-suit; a right to participate in litigation to enforce the patents-in-suit; and other rights and obligations as stated in the agreements between Vascular Solutions LLC and Arrow.

**ANSWER:**  Medtronic lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3, and therefore denies the same.

4.      Plaintiff Teleflex LLC employs individuals, as part of a service provider relationship with Arrow, that sell products that practice the patents-in-suit. Teleflex LLC has entered into a binding asset purchase agreement with Arrow (scheduled to close in August 2019) that, among other things, transfers to Teleflex LLC all customer contracts, distributor agreements, sales contracts and other commitments and, in August, will be paired with a distribution agreement providing to Teleflex LLC the exclusive right to offer to sell and sell under the patents-in-suit.

**ANSWER:**  Medtronic lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4, and therefore denies the same.  Medtronic denies that Teleflex LLC has standing to assert claims for patent infringement against Medtronic because, according to Teleflex's own allegations in Paragraph 4, Teleflex LLC did not have rights to offer and sell under the patents-in-suit at the time the Complaint was filed on July 2, 2019.

5.      Defendant Medtronic, Inc. is a Minnesota corporation with a place of business at 710 Medtronic Parkway, Minneapolis, MN 55432.

**ANSWER:**   Medtronic admits the allegations in Paragraph 5.

6.      Defendant Medtronic Vascular, Inc. is a Delaware company with a place of business at 3576 Unocal Place, Fountaingrove A, Santa Rosa, CA 95403.  Medtronic Vascular, Inc. is registered to do business in Minnesota with a registered business address of 2345 Rice Street, Suite 230, Roseville, MN 55113.  The Minnesota Secretary of State Business Record Details identify the Chief Executive Officer of Medtronic Vascular, Inc. as Sean Salmon and list an address for the Chief Executive Officer at 710 Medtronic Parkway, LC300, Minneapolis, MN 55432.

**ANSWER:**   Medtronic admits that Medtronic Vascular, Inc. is a Delaware company with a place of business at 3576 Unocal Place, Fountaingrove A, Santa Rosa, CA 95403.  Medtronic also admits that Medtronic Vascular, Inc. is registered to do business in Minnesota with a registered agent address of 2345 Rice Street, Suite 230, Roseville, MN 55113.  Medtronic further admits that the Minnesota Secretary of State Business Records Details identify the Chief Executive Officer of Medtronic Vascular as Sean Salmon and list an address for the Chief Executive Officer at 710 Medtronic Parkway, LC300, Minneapolis, MN 55432.

## JURISDICTION

7.      This action arises under the Patent Act, 35 U.S.C. § 271 *et seq.*

**ANSWER:**   The allegations in Paragraph 7 state legal conclusions to which no answer is necessary.  To the extent an answer is required, Medtronic admits that the Complaint purports to state a cause of action under 35 U.S.C. § 271 *et seq.*

8.      This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

**ANSWER:**   The allegations in Paragraph 8 state legal conclusions to which no answer is necessary.  To the extent an answer is required, Medtronic admits that the Complaint purports to state a cause of action which would provide this Court with subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

9.     This Court has personal jurisdiction over Defendants.  Medtronic, Inc. is incorporated in and is a resident of Minnesota and maintains an office and transacts business within Minnesota.  Medtronic Vascular, Inc. is registered to conduct business in Minnesota, maintains a registered office in Minnesota, and identifies its Chief Executive Officer with an address in Minnesota.

**ANSWER:**   The allegations in Paragraph 9 state legal conclusions to which no answer is necessary.  To the extent an answer is required, Medtronic admits that it is subject to personal jurisdiction in Minnesota based on the claims made in the Complaint.

10.     Venue is proper in this District under 28 U.S.C. § 1391 and 1400(b). Medtronic, Inc. is incorporated in and is a resident of Minnesota and maintains an office and transacts business within Minnesota.  Medtronic Vascular, Inc. is registered to conduct business in Minnesota, maintains a registered office in Minnesota, and identifies its Chief Executive Officer with an address in Minnesota. Medtronic has committed acts of infringement described herein in Minnesota.

**ANSWER:**   The allegations in Paragraph 10 state legal conclusions to which no answer is necessary.  To the extent an answer is required, Medtronic admits that Medtronic, Inc. is incorporated in and is a resident of Minnesota, and that it transacts business within Minnesota.  Medtronic further admits that Medtronic Vascular, Inc. is registered to conduct business in Minnesota, maintains a registered office in Minnesota, and identifies its Chief Executive Officer with an address in Minnesota.  Medtronic denies that it has committed acts of infringement in Minnesota or elsewhere.  Medtronic does not contest venue in this District.

## MEDTRONIC'S ALLEGEDLY INFRINGING
## PRODUCTS AND ACTIVITIES

11.     Medtronic has committed acts of patent infringement by making, using, selling, offering for sale, and/or importing into the United States a guide extension catheter for interventional cardiology procedures marketed and sold as the Telescope Guide Extension Catheter.

**ANSWER:**   Medtronic denies the allegations in Paragraph 11.

12.     Medtronic's Telescope product is available in two sizes: 6F and 7F.  When both products are discussed collectively they will be referred to as "Telescope."  If referred to separately, they will be referred to as "Telescope 6F" and "Telescope 7F," respectively.

**ANSWER:**   Medtronic admits that the Telescope Guide Extension Catheter (the

"Telescope™ Catheter") is available in two sizes.  The remainder of Paragraph 12 does

not require a response.

13.     Medtronic's Telescope catheter and its uses are a copy of VSI's industry-leading and bestselling interventional product, the GuideLiner catheter, and its uses, and of the patented features of the GuideLiner catheter that resulted in its remarkable success.

**ANSWER:**  Medtronic denies that the Telescope™ Catheter and its uses are a

copy of GuideLiner, its uses, or allegedly patented features.  Medtronic further denies

that Guideliner is "industry-leading and bestselling" and that Guideliner has achieved

"remarkable success" as a result of its uses and allegedly patented features or otherwise.

14.     A copy of Medtronic's in-service slide deck for its Telescope catheter is attached as Exhibit A.  Medtronic believes and intends that the product information for the Telescope catheter in Exhibit A is accurate.

**ANSWER:**   Medtronic admits that Exhibit A to the Complaint is a document that

contains information about the Telescope™ Catheter that was believed to be accurate at

the time the document was drafted.  Medtronic denies Teleflex's characterization of

Exhibit A to the extent it differs from the contents of the exhibit itself.

15.     A copy of Medtronic's Instructions for Use for the Telescope catheter is attached as Exhibit B. Exhibit B is accessible through https://www.medtronic.com/us-en/healthcare-professionals/products/cardiovascular/coronary-catheters/telescope.html, which is a link provided on Medtronic's website https://www.medtronic.com/us en/index.html.  Medtronic believes and intends that the product information for the Telescope catheter in Exhibit B is accurate.

**ANSWER:**  Medtronic admits that Exhibit B to the Complaint contains

instructions for use of the Telescope™ Catheter that were believed to be accurate at the

time the instructions were drafted.  Medtronic denies Teleflex's characterization of

Exhibit B to the extent it differs from the contents of the exhibit itself. Medtronic denies

the remaining allegations in Paragraph 15.

16.     A copy of Medtronic's website page for the Telescope catheter is attached as Exhibit C.  Exhibit C is accessible through https://www.medtronic.com/us-en/healthcare-professionals/products/cardiovascular/coronary-catheters/telescope.html, which is a link provided on Medtronic's website https://www.medtronic.com/us-en/index.html.  Medtronic believes and intends that the product information for the Telescope catheter in Exhibit C is accurate.

**ANSWER:**  Medtronic admits that Exhibit C to the Complaint appears to be a

printout from the www.medtronic.com website, printed on July 2, 2019, but lacks

sufficient information to admit or deny if Exhibit C was in fact printed from its website

on July 2, 2019.  Medtronic further admits that the product information for the

Telescope™ Catheter in Exhibit C was believed to be accurate at the time the instructions

were drafted.  Medtronic denies Teleflex's characterization of Exhibit C to the extent it

differs from the contents of the exhibit itself.  Medtronic further denies the allegations in

Paragraph 16 to the extent they differ from the content available on Medtronic's website.

17.     A copy of a Medtronic press release relating to the Telescope catheter dated May 16, 2019 is attached as Exhibit D.  Exhibit D is accessible through http://newsroom.medtronic.com/phoenix.zhtml?c=251324&p=irol-

newsArticle&ID=2398888, which is a link provided on Medtronic's website
https://www.medtronic.com/us-en/index.html.  Medtronic believes and intends that the
product information for the Telescope catheter in Exhibit D is accurate.

**ANSWER:**  Medtronic admits that Exhibit D to the Complaint is a press release

that includes information regarding the Telescope™ Catheter that was believed to be

accurate at the time the press release was drafted.  Medtronic denies Teleflex's

characterization of Exhibit D to the extent it differs from the contents of the exhibit itself.

Medtronic further denies the allegations in Paragraph 17 to the extent they differ from the

content available on Medtronic's website.

18.     A copy of a letter from the U.S. Food and Drug Administration ("FDA") to
Medtronic concerning Medtronic's Section 510(k) premarket notification of intent to
market the Telescope catheter is attached as Exhibit E.  Pages 3 through 7 of Exhibit E
were submitted by or on behalf of Medtronic to the FDA and contain a summary of the
contents of Medtronic's Section 510(k) premarket notification of intent to market the
Telescope catheter.  Medtronic believes and intends that the information concerning the
Telescope catheter and Medtronic's 510(k) premarket notification of intent to market the
Telescope catheter are accurate.

**ANSWER:**  Medtronic admits that Exhibit E to the Complaint includes

correspondence from the FDA regarding Medtronic's 510(k) premarket notification of

intent to market the Telescope™ Catheter.  Medtronic further admits that Exhibit E

includes a summary of Medtronic's 510(k) premarket notification that was submitted to

the FDA that was believed to be accurate at the time the summary was drafted.

Medtronic denies Teleflex's characterization of Exhibit E to the extent it differs from the

contents of the exhibit itself.

19.     Exhibit E states that "Medtronic's Telescope™ Guide Extension Catheter is
substantially equivalent to the predicate device based on similarities in intended use and
technological characteristics."  Ex. E at 5.  Exhibit E identifies the substantially
equivalent predicate device as "GuideLiner V3 Catheter."  *Id.*

**ANSWER:**   Medtronic admits that, consistent with the requirements for a 510(k) premarket submission, Exhibit E to the Complaint contains the first quoted sentence in Paragraph 19 that "Medtronic's Telescope™ Guide Extension Catheter is substantially equivalent to the predicate device based on similarities in intended use and technological characteristics."  In the following sentence, Exhibit E referred to the "technological differences" in the Telescope™ Catheter.  Medtronic further admits that Exhibit E identifies the "predicate device" as "GuideLiner V3 Catheter."  Medtronic denies Teleflex's characterization of Exhibit E to the extent it differs from the contents of the exhibit itself.

20.     Medtronic advertises its coronary guide catheters on its website, including at least the Launcher Coronary Guide Catheter, the Sherpa NX Active Coronary Guide Catheter, and the Sherpa NX Balanced Coronary Guide Catheter (collectively "Medtronic Guide Catheters").  Exhibit F is a copy of Medtronic's website https://www.medtronic.com/us-en/healthcare-professionals/products/cardiovascular/coronary-catheters/guide.html depicting its coronary guide catheter products.  This website is accessible via a link provided on Medtronic's website https://www.medtronic.com/us-en/index.html.  Medtronic believes and intends that the product information for its guide catheters in Exhibit F is accurate.

**ANSWER:**   Medtronic admits that Exhibit F to the Complaint appears to be a printout from the www.medtronic.com website that includes information regarding Medtronic's coronary guide catheter products.  Medtronic further admits that the product information in Exhibit F was believed to be accurate at the time it was drafted.  Medtronic denies Teleflex's characterization of Exhibit F to the extent it differs from the contents of the exhibit itself.  Medtronic further denies the allegations in Paragraph 20 to the extent they differ from the content available on Medtronic's website.

21.     In connection with its literature regarding the Telescope catheter, Medtronic promotes its "legacy of market-leading catheter expertise" and refers to itself as a "true market leader . . . [b]ased on guide catheter . . . market share reports and data on file at Medtronic."  Ex. A at 23.

**ANSWER:**  Medtronic admits that the quoted language appears in Exhibit A to

the Complaint.   Medtronic denies Teleflex's characterization of Exhibit A to the extent

it differs from the contents of the exhibit itself.

22.     A guide catheter is required in order to use Medtronic's Telescope catheter. *E.g.*, Ex. A at 39 ("Required GC I.D. (in.) . . ."); Ex. B at 5 ("Other items that are required but not provided in the package: Guide catheter . . . ."); Ex. E at 5 ("Telescope™ Guide Extension Catheter is intended to be used in conjunction with guide catheters . . . .").

**ANSWER:**  Medtronic admits that the quoted language appears in Exhibits A, B,

and E to the Complaint.  Medtronic denies Teleflex's characterization of Exhibits A, B,

and E to the extent it differs from the contents of the exhibits themselves.

23.     Medtronic directs its customers and users of the Telescope guide extension catheter to use Telescope with a guide catheter.  *E.g.*, Ex. A at 39 ("Required GC I.D. (in.) . . ."); Ex. B at 4 ("Telescope guide extension catheter is intended to be used in conjunction with guide catheters . . . .") ("The guide extension catheter is designed to act as an extension to a traditional guide catheter . . . .") ("The guide extension catheter is delivered through a guide catheter . . . ."), 5 ("Other items that are required but not provided in the package: Guide catheter . . . ."); Ex. E at 5 ("Telescope™ Guide Extension Catheter is intended to be used in conjunction with guide catheters . . . .").

**ANSWER:**  Medtronic admits that the quoted language appears in Exhibits A, B,

and E to the Complaint.  Medtronic denies Teleflex's characterization of Exhibits A, B,

and E to the extent it differs from the contents of the exhibits themselves.

24.     Medtronic markets its Telescope catheter for the purpose of acting "as an extension to a traditional guide catheter and to facilitate the delivery of interventional devices into the vasculature." Ex. B at 4; *see also id.* ("Telescope guide extension catheter is intended to be used in conjunction with guide catheters to access discrete regions of the coronary and/or peripheral vasculature, and to facilitate placement of

interventional devices."); Ex. E at 5 ("The guide extension catheter is designed to act as an extension to a traditional guide catheter . . . .") ("Telescope™ Guide Extension Catheter is intended to be used in conjunction with guide catheters . . . .").

**ANSWER:**   Medtronic admits that the quoted language appears in Exhibits B and E to the Complaint.  Medtronic denies Teleflex's characterization of Exhibits B and E to the extent it differs from the contents of the exhibits themselves.

25.     As of at least February 22, 2019, Medtronic was aware that VSI had a patent portfolio relating to its GuideLiner catheter.

**ANSWER:**   Medtronic admits that as of February 22, 2019, Medtronic was aware that Teleflex had patents related to guide extension catheter technology.

26.     Medtronic asked to discuss a license to VSI's GuideLiner patent portfolio.

**ANSWER:**   Medtronic admits that it engaged in licensing discussions with Teleflex related to the guide extension catheter patents of which Medtronic was aware.

27.     VSI declined to license its GuideLiner patent portfolio to Medtronic.

**ANSWER:**   Medtronic admits that Teleflex and Medtronic did not enter into a license for any guide extension catheter patents.

## COUNT I
### Alleged Claim for Patent Infringement of U.S. Patent No. 8,048,032

28.     The allegations of paragraphs 1-27 are re-alleged as if fully set forth herein.

**ANSWER:**   Medtronic repeats and re-alleges the foregoing responses as if fully set forth herein.

29.     Teleflex S.à r.l. is the owner of United States Patent No. 8,048,032 ("'032 patent"), which issued on November 1, 2011, a copy of which is attached as Exhibit G.

**ANSWER:**   Medtronic admits that Exhibit G to the Complaint appears to be a copy of U.S. Patent No. 8,048,032.  Medtronic lacks knowledge or information sufficient

to form a belief as to the truth of the remaining allegations in Paragraph 29, and therefore

denies the same.

30.     Medtronic has infringed and continues to infringe one or more claims of the
'032 patent, including at least claims 12 and 14, under 35 U.S.C. § 271(a) by making,
using, offering to sell, selling, and importing (directly or through intermediaries), in this
District and elsewhere in the United States, guide extension catheters, namely the
Telescope guide extension catheter.

**ANSWER:**  Medtronic denies the allegations in Paragraph 30.

31.     Attached as Exhibit L is a claim chart showing an example of how
Medtronic infringes claims 12 and 14 of the '032 patent.

**ANSWER:**   Medtronic admits that the Exhibit L to the Complaint is a claim

chart, but denies that Exhibit L establishes that Medtronic infringes any valid and

enforceable claim of the '032 patent.

32.     Medtronic's Telescope catheter satisfies claim element 11(p), as shown in
Exhibit L.

**ANSWER:**  Medtronic states that the term "satisfies" is vague, such that

Medtronic is unable to form a response.  To the extent the allegations in Paragraph 32

suggest that the Telescope™ Catheter infringes any valid and enforceable claim of the

'032 patent, Medtronic denies them.

33.     Medtronic's Telescope catheter satisfies claim element 11(a), as shown in
Exhibit L.

**ANSWER:**  Medtronic states that the term "satisfies" is vague, such that

Medtronic is unable to form a response.  To the extent the allegations in Paragraph 33

suggest that the Telescope™ Catheter infringes any valid and enforceable claim of the

'032 patent, Medtronic denies them.

34.     Medtronic's Telescope catheter satisfies claim element 11(b), as shown in Exhibit L.

**ANSWER:**   Medtronic states that the term "satisfies" is vague, such that Medtronic is unable to form a response.  To the extent the allegations in Paragraph 34 suggest that the Telescope™ Catheter infringes any valid and enforceable claim of the '032 patent, Medtronic denies them.

35.     Medtronic's Telescope catheter satisfies claim element 11(c), as shown in Exhibit L.

**ANSWER:**   Medtronic states that the term "satisfies" is vague, such that Medtronic is unable to form a response.  To the extent the allegations in Paragraph 35 suggest that the Telescope™ Catheter infringes any valid and enforceable claim of the '032 patent, Medtronic denies them.

36.     Medtronic's Telescope catheter satisfies claim element 11(d), as shown in Exhibit L.

**ANSWER:**   Medtronic states that the term "satisfies" is vague, such that Medtronic is unable to form a response.  To the extent the allegations in Paragraph 36 suggest that the Telescope™ Catheter infringes any valid and enforceable claim of the '032 patent, Medtronic denies them.

37.     Medtronic's Telescope catheter satisfies claim element 11(e), as shown in Exhibit L.

**ANSWER:**   Medtronic states that the term "satisfies" is vague, such that Medtronic is unable to form a response.  To the extent the allegations in Paragraph 37 suggest that the Telescope™ Catheter infringes any valid and enforceable claim of the '032 patent, Medtronic denies them.

38.     Medtronic's Telescope catheter satisfies claim element 12, as shown in Exhibit L.

**ANSWER:**   Medtronic states that the term "satisfies" is vague, such that Medtronic is unable to form a response.  To the extent the allegations in Paragraph 38 suggest that the Telescope™ Catheter infringes any valid and enforceable claim of the '032 patent, Medtronic denies them.

39.     Medtronic's Telescope catheter satisfies claim element 14, as shown in Exhibit L.

**ANSWER:**   Medtronic states that the term "satisfies" is vague, such that Medtronic is unable to form a response.  To the extent the allegations in Paragraph 39 suggest that the Telescope™ Catheter infringes any valid and enforceable claim of the '032 patent, Medtronic denies them.

40.     VSI did not give Medtronic authorization or license to make, use, offer to sell, sell, or import the Telescope catheter.

**ANSWER:**   Medtronic admits that Teleflex did not give Medtronic authorization or license to make, use, offer to sell, sell, or import the Telescope™ Catheter, but denies that such authorization is required under applicable law.

41.     Medtronic also indirectly infringes the '032 patent, including at least claims 12 and 14 under at least 35 U.S.C. § 271(b).

**ANSWER:**   Medtronic denies the allegations in Paragraph 41.

42.     Medtronic has induced and continues to induce infringement in this District and elsewhere in the United States of one or more claims of the '032 patent, including at least claims 12 and 14, by, among other things, actively and successfully encouraging, instructing, enabling, and otherwise causing end users and/or customers to use its Telescope catheter in a manner that infringes the '032 patent.  For example, Medtronic's Instructions for Use instruct end users and/or customers to use the Telescope catheter to perform interventional cardiology procedures.  *E.g.*, Ex. B at 4 ("The guide extension catheter is designed to act as an extension to a traditional guide catheter and to facilitate

the delivery of interventional devices into the vasculature.  The guide extension catheter is intended to be used within the coronary and/or peripheral vasculature to provide support.").  Medtronic's Instructions for Use, FDA submission, and marketing materials indicate that Telescope is specifically designed to be used with a guide catheter and require that the Telescope catheter be used along with a guide catheter and hemostatic valve.  *E.g.*, Ex. A at 11, 39 ("Required GC I.D. (in.) . . ."); Ex. B at 4 ("Telescope guide extension catheter is intended to be used in conjunction with guide catheters . . . .") ("The guide extension catheter is designed to act as an extension to a traditional guide catheter . . . ."), 5 ("Other items that are required but not provided in the package: Guide catheter . . . Y-adaptor with hemostasis valve"); Ex. E at 5 ("The guide extension catheter is designed to act as an extension to a traditional guide catheter . . . .") ("Telescope™ Guide Extension Catheter is intended to be used in conjunction with guide catheters . . . .").  End users and/or customers have used the Telescope catheter in a manner that infringes one or more claims of the '032 patent.

**ANSWER:**  Medtronic admits that the quoted language appears in Exhibits A, B, and E to the Complaint, but denies Teleflex's characterizations of those exhibits to the extent they differ from the content of the exhibits themselves.  Medtronic denies the remaining allegations in Paragraph 42.

43.    Upon information and belief, at least as early as February 22, 2019, Medtronic had knowledge of the '032 patent.

**ANSWER:**  Medtronic admits the allegations in Paragraph 43.

44.    Medtronic did not develop the Telescope catheter on its own, but instead copied VSI's GuideLiner catheter.  Medtronic has willfully infringed and continues to willfully infringe the '032 patent.

**ANSWER:**  Medtronic denies the allegations in Paragraph 44.

45.    VSI has satisfied the notice or marking provisions of 35 U.S.C. § 287.

**ANSWER:**  Medtronic lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45, and therefore denies the same.

46.    Medtronic's infringement of the '032 patent has caused and will continue to cause damage to VSI, causing irreparable harm for which there is no adequate remedy at law, unless enjoined.

**ANSWER:**   Medtronic denies the allegations in Paragraph 46.

## COUNT II
### Claim for Patent Infringement of U.S. Patent No. RE45,380

47.     The allegations of paragraphs 1-46 are re-alleged as if fully set forth herein.

**ANSWER:**   Medtronic repeats and re-alleges the foregoing responses as if fully

set forth herein.

48.     Teleflex S.à r.l. is the owner of United States Patent No. RE45,380 ("'380 Patent"), which issued on February 17, 2015, a copy of which is attached as Exhibit H.

**ANSWER:**   Medtronic admits that Exhibit H to the Complaint appears to be a

copy of U.S. Patent No. RE45,380.  Medtronic lacks knowledge or information sufficient

to form a belief as to the truth of the remaining allegations in Paragraph 48, and therefore

denies the same.

49.     Medtronic has infringed and continues to infringe one or more claims of the '380 patent, including at least claims 12, 13, and 15, under 35 U.S.C. § 271(a) by making, using, offering to sell, selling, and/or importing (directly or through intermediaries), in this District and elsewhere in the United States, a system made up of guide extension catheters, namely the Telescope catheter, and guide catheters, namely the Medtronic Guide Catheters.

**ANSWER:**   Medtronic denies the allegations in Paragraph 49.

50.     Attached as Exhibit M is a claim chart showing an example of how Medtronic infringes claims 12, 13, and 15 of the '380 patent.

**ANSWER:**   Medtronic admits that the attached Exhibit M to the Complaint is a

claim chart, but denies that Exhibit M establishes that Medtronic infringes any valid and

enforceable claim of the '380 patent.

51.     Medtronic's Telescope catheter and/or Medtronic's Guide Catheters satisfy claim element 12(p), as shown in Exhibit M.

**ANSWER:**   Medtronic states that the term "satisfy" is vague, such that Medtronic is unable to form a response.  To the extent the allegations in Paragraph 51 suggest that the Telescope™ Catheter and/or any Medtronic® branded guide catheter infringe any valid and enforceable claim of the '380 patent, Medtronic denies them.

52.    Medtronic's Telescope catheter and/or Medtronic's Guide Catheters satisfy claim element 12(a), as shown in Exhibit M.

**ANSWER:**   Medtronic states that the term "satisfy" is vague, such that Medtronic is unable to form a response.  To the extent the allegations in Paragraph 52 suggest that the Telescope™ Catheter and/or any Medtronic® branded guide catheter infringe any valid and enforceable claim of the '380 patent, Medtronic denies them.

53.    Medtronic's Telescope catheter and/or Medtronic's Guide Catheters satisfy claim element 12(b), as shown in Exhibit M.

**ANSWER:**   Medtronic states that the term "satisfy" is vague, such that Medtronic is unable to form a response.  To the extent the allegations in Paragraph 53 suggest that the Telescope™ Catheter and/or any Medtronic® branded guide catheter infringe any valid and enforceable claim of the '380 patent, Medtronic denies them.

54.    Medtronic's Telescope catheter and/or Medtronic's Guide Catheters satisfy claim element 12(c), as shown in Exhibit M.

**ANSWER:**   Medtronic states that the term "satisfy" is vague, such that Medtronic is unable to form a response.  To the extent the allegations in Paragraph 54 suggest that the Telescope™ Catheter and/or any Medtronic® branded guide catheter infringe any valid and enforceable claim of the '380 patent, Medtronic denies them.

55.    Medtronic's Telescope catheter and/or Medtronic's Guide Catheters satisfy claim element 12(d), as shown in Exhibit M.

**ANSWER:**   Medtronic states that the term "satisfy" is vague, such that Medtronic is unable to form a response.  To the extent the allegations in Paragraph 55 suggest that the Telescope™ Catheter and/or any Medtronic® branded guide catheter infringe any valid and enforceable claim of the '380 patent, Medtronic denies them.

56.     Medtronic's Telescope catheter and/or Medtronic's Guide Catheters satisfy claim element 12(e), as shown in Exhibit M.

**ANSWER:**   Medtronic states that the term "satisfy" is vague, such that Medtronic is unable to form a response.  To the extent the allegations in Paragraph 56 suggest that the Telescope™ Catheter and/or any Medtronic® branded guide catheter infringe any valid and enforceable claim of the '380 patent, Medtronic denies them.

57.     Medtronic's Telescope catheter and/or Medtronic's Guide Catheters satisfy claim element 12(f), as shown in Exhibit M.

**ANSWER:**   Medtronic states that the term "satisfy" is vague, such that Medtronic is unable to form a response.  To the extent the allegations in Paragraph 57 suggest that the Telescope™ Catheter and/or any Medtronic® branded guide catheter infringe any valid and enforceable claim of the '380 patent, Medtronic denies them.

58.     Medtronic's Telescope catheter and/or Medtronic's Guide Catheters satisfy claim element 12(g), as shown in Exhibit M.

**ANSWER:**   Medtronic states that the term "satisfy" is vague, such that Medtronic is unable to form a response.  To the extent the allegations in Paragraph 58 suggest that the Telescope™ Catheter and/or any Medtronic® branded guide catheter infringe any valid and enforceable claim of the '380 patent, Medtronic denies them.

59.     Medtronic's Telescope catheter and/or Medtronic's Guide Catheters satisfy claim element 13, as shown in Exhibit M.

**ANSWER:**   Medtronic states that the term "satisfy" is vague, such that Medtronic is unable to form a response.  To the extent the allegations in Paragraph 59 suggest that the Telescope™ Catheter and/or any Medtronic® branded guide catheter infringe any valid and enforceable claim of the '380 patent, Medtronic denies them.

60.   Medtronic's Telescope catheter and/or Medtronic's Guide Catheters satisfy claim element 15, as shown in Exhibit M.

**ANSWER:**   Medtronic states that the term "satisfy" is vague, such that Medtronic is unable to form a response.  To the extent the allegations in Paragraph 60 suggest that the Telescope™ Catheter and/or any Medtronic® branded guide catheter infringe any valid and enforceable claim of the '380 patent, Medtronic denies them.

61.   VSI did not give Medtronic authorization or license to make, use, offer to sell, sell, or import the Telescope catheter or a system comprising the Telescope catheter and a Medtronic Guide Catheter.

**ANSWER:**   Medtronic admits that Teleflex did not give Medtronic authorization or license to make, use, offer to sell, sell, or import Telescope™ or a system comprising the Telescope™ Catheter and any Medtronic® branded guide catheter, but denies that such authorization is required under applicable law.

62.   Medtronic also indirectly infringes the '380 patent, including at least claims 12, 13, and 15, under 35 U.S.C. § 271(b) and (c).

**ANSWER:**   Medtronic denies the allegations in Paragraph 62.

63.   Upon information and belief, at least as early as February 22, 2019, Medtronic had knowledge of the '380 patent.

**ANSWER:**   Medtronic admits the allegations in Paragraph 63.

64.   Medtronic has induced and continues to induce infringement in this District and elsewhere in the United States of one or more claims of the '380 patent, including at least claims 12, 13, and 15, by, among other things, actively and successfully

encouraging, instructing, enabling, and otherwise causing end users and/or customers to use its Telescope catheter along with Medtronic Guide Catheters and/or third-party guide catheters, and a hemostatic valve as a system which infringes the '380 patent.  For example, Medtronic's Instructions for Use instruct end users and/or customers to use the Telescope catheter along with a guide catheter and hemostatic valve to perform interventional cardiology procedures.  *E.g.*, Ex. B at 4 ("The guide extension catheter is designed to act as an extension to a traditional guide catheter and to facilitate the delivery of interventional devices into the vasculature.  The guide extension catheter is intended to be used within the coronary and/or peripheral vasculature to provide support.") ("Open the hemostasis valve and advance the guide extension catheter through the hemostasis valve and into the guide catheter.").  Medtronic's Instructions for Use, FDA submission, and marketing materials indicate that Telescope is specifically designed to be used with a guide catheter and require that the Telescope catheter be used along with a guide catheter and hemostatic valve.  *E.g.*, Ex. A at 11, 39 ("Required GC I.D. (in.) . . ."); Ex. B at 4 ("Telescope guide extension catheter is intended to be used in conjunction with guide catheters . . . .") ("The guide extension catheter is designed to act as an extension to a traditional guide catheter . . . ."), 5 ("Other items that are required but not provided in the package: Guide catheter . . . Y-adaptor with hemostasis valve"); Ex. E at 5 ("The guide extension catheter is designed to act as an extension to a traditional guide catheter . . . .") ("Telescope™ Guide Extension Catheter is intended to be used in conjunction with guide catheters . . . .").  End users and/or customers have used the Telescope catheter as part of a system that infringes one or more claims of the '380 patent.

**ANSWER:**  Medtronic admits that the quoted language appears in Exhibits A, B, and E to the Complaint, but denies Teleflex's characterizations of those exhibits to the extent they differ from the contents of the exhibits themselves.  Medtronic denies the remaining allegations in Paragraph 64.

65.    Medtronic has contributed to and continues to contribute to the infringement of one or more claims of the '380 patent, including at least claims 12, 13, and 15, by importing into the United States (directly or through intermediaries) and/or offering to sell and selling (directly or through intermediaries), to end users and/or customers, in this District and elsewhere in the United States, its Telescope catheter, a product that constitutes a component of a system covered by the '380 patent.  Upon information and belief, Medtronic knows its products are especially made or especially adapted for use in an infringement and that there is no substantial non-infringing use for a Telescope catheter without a guide catheter and a hemostatic valve.  *E.g.*, Ex. A at 11, 39 ("Required GC I.D. (in.) . . ."); Ex. B at 4 ("Telescope guide extension catheter is intended to be used in conjunction with guide catheters . . . .") ("The guide extension catheter is designed to act as an extension to a traditional guide catheter . . . ."), 5 ("Other

items that are required but not provided in the package: Guide catheter . . . Y-adaptor with hemostasis valve"); Ex. E at 5 ("The guide extension catheter is designed to act as an extension to a traditional guide catheter . . . .") ("Telescope™ Guide Extension Catheter is intended to be used in conjunction with guide catheters . . . ."). The Telescope catheter constitutes a material part of the invention, and end users and/or customers have used the Telescope catheter as part of a system that infringes one or more claims of the '380 patent.

**ANSWER:**  Medtronic admits that the quoted language is present in Exhibits A, B, and E to the Complaint, but denies Teleflex's characterizations of those exhibits to the extent they differ from the contents of the exhibits themselves.  Medtronic denies the remaining allegations in Paragraph 65.

66.     Medtronic did not develop the Telescope catheter on its own, but instead copied VSI's GuideLiner catheter.  Medtronic has willfully infringed and continues to willfully infringe the '380 patent.

**ANSWER:**  Medtronic denies the allegations in Paragraph 66.

67.     VSI has satisfied the notice or marking provisions of 35 U.S.C. § 287.

**ANSWER:**  Medtronic lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 67, and therefore denies the same.

68.     Medtronic's infringement of the '380 patent has caused and will continue to cause damage to VSI, causing irreparable harm for which there is no adequate remedy at law, unless enjoined.

**ANSWER:**  Medtronic denies the allegations in Paragraph 68.

## COUNT III
### Claim for Patent Infringement of U.S. Patent No. RE45,776

69.     The allegations of paragraphs 1-68 are re-alleged as if fully set forth herein.

**ANSWER:**  Medtronic repeats and re-alleges the foregoing responses as if fully set forth herein.

70.     Teleflex S.à r.l. is the owner of United States Patent No. RE45,776 ("'776 Patent"), which issued on October 27, 2015, a copy of which is attached as Exhibit I.

**ANSWER:**  Medtronic admits that Exhibit I to the Complaint appears to be a copy of U.S. Patent No. RE45,776.  Medtronic lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 70, and therefore denies the same.

71.     Medtronic has infringed and continues to infringe one or more claims of the '776 patent, including at least claims 25, 36, and 37, under 35 U.S.C. § 271(a) by making, using, offering to sell, selling, and importing (directly or through intermediaries), in this District and elsewhere in the United States, guide extension catheters, namely the Telescope catheter.

**ANSWER:**  Medtronic denies the allegations in Paragraph 71.

72.     Attached as Exhibit N is a claim chart showing an example of how Medtronic infringes claims 25, 36, and 37 of the '776 patent.

**ANSWER:**  Medtronic admits that Exhibit N to the Complaint is a claim chart, but denies that Exhibit N establishes that Medtronic infringes any valid and enforceable claim of the '776 patent.

73.     Medtronic's Telescope catheter satisfies claim element 25(p), as shown in Exhibit N.

**ANSWER:**  Medtronic states that the term "satisfies" is vague, such that Medtronic is unable to form a response.  To the extent the allegations in Paragraph 73 suggest that the Telescope™ Catheter infringes any valid and enforceable claim of the '776 patent, Medtronic denies them.

74.     Medtronic's Telescope catheter satisfies claim element 25(a), as shown in Exhibit N.

**ANSWER:**   Medtronic states that the term "satisfies" is vague, such that Medtronic is unable to form a response.  To the extent the allegations in Paragraph 74 suggest that the Telescope™ Catheter infringes any valid and enforceable claim of the '776 patent, Medtronic denies them.

75.    Medtronic's Telescope catheter satisfies claim element 25(b), as shown in Exhibit N.

**ANSWER:**   Medtronic states that the term "satisfies" is vague, such that Medtronic is unable to form a response.  To the extent the allegations in Paragraph 75 suggest that the Telescope™ Catheter infringes any valid and enforceable claim of the '776 patent, Medtronic denies them.

76.    Medtronic's Telescope catheter satisfies claim element 25(c), as shown in Exhibit N.

**ANSWER:**   Medtronic states that the term "satisfies" is vague, such that Medtronic is unable to form a response.  To the extent the allegations in Paragraph 76 suggest that the Telescope™ Catheter infringes any valid and enforceable claim of the '776 patent, Medtronic denies them.

77.    Medtronic's Telescope catheter satisfies claim element 25(d), as shown in Exhibit N.

**ANSWER:**   Medtronic states that the term "satisfies" is vague, such that Medtronic is unable to form a response.  To the extent the allegations in Paragraph 77 suggest that the Telescope™ Catheter infringes any valid and enforceable claim of the '776 patent, Medtronic denies them.

78.    Medtronic's Telescope catheter satisfies claim element 36, as shown in Exhibit N.

**ANSWER:**  Medtronic states that the term "satisfies" is vague, such that Medtronic is unable to form a response.  To the extent the allegations in Paragraph 78 suggest that the Telescope™ Catheter infringes any valid and enforceable claim of the '776 patent, Medtronic denies them.

79.    Medtronic's Telescope catheter satisfies claim element 37, as shown in Exhibit N.

**ANSWER:**   Medtronic states that the term "satisfies" is vague, such that Medtronic is unable to form a response.  To the extent the allegations in Paragraph 79 suggest that the Telescope™ Catheter infringes any valid and enforceable claim of the '776 patent, Medtronic denies them.

80.    VSI did not give Medtronic authorization or license to make, use, offer to sell, sell, or import the Telescope catheter.

**ANSWER:**   Medtronic admits that Teleflex did not give Medtronic authorization or license to make, use, offer to sell, sell, or import the Telescope™ Catheter, but denies that such authorization is required under applicable law.

81.    Medtronic also indirectly infringes the '776 patent, including at least claims 25, 36, and 37 under at least 35 U.S.C. § 271(b).

**ANSWER:**  Medtronic denies the allegations in Paragraph 81.

82.    Upon information and belief, at least as early as February 22, 2019, Medtronic had knowledge of the '776 patent.

**ANSWER:**  Medtronic admits the allegations in Paragraph 82.

83.    Medtronic has induced and continues to induce infringement in this District and elsewhere in the United States of one or more claims of the '776 patent, including at least claims 25, 36, and 37, by, among other things, actively and successfully encouraging, instructing, enabling, and otherwise causing end users and/or customers to use its Telescope catheter in a manner that infringes the '776 patent.  For example, Medtronic's Instructions for Use instruct end users and/or customers to use the Telescope

catheter to perform interventional cardiology procedures. *E.g.,* Ex. B at 4 ("The guide extension catheter is designed to act as an extension to a traditional guide catheter and to facilitate the delivery of interventional devices into the vasculature. The guide extension catheter is intended to be used within the coronary and/or peripheral vasculature to provide support."). Medtronic's Instructions for Use, FDA submission, and marketing materials indicate that Telescope is specifically designed to be used with a guide catheter and require that the Telescope catheter be used along with a guide catheter. *E.g.*, Ex. A at 39 ("Required GC I.D. (in.) . . ."); Ex. B at 4 ("Telescope guide extension catheter is intended to be used in conjunction with guide catheters . . . .") ("The guide extension catheter is designed to act as an extension to a traditional guide catheter . . . ."), 5 ("Other items that are required but not provided in the package: Guide catheter . . . ."); Ex. E at 5 ("The guide extension catheter is designed to act as an extension to a traditional guide catheter . . . .") ("Telescope™ Guide Extension Catheter is intended to be used in conjunction with guide catheters . . . ."). End users and/or customers have used the Telescope catheter in a manner that infringes one or more claims of the '776 patent.

**ANSWER:** Medtronic admits that the quoted language appears in Exhibits A, B, and E to the Complaint, but denies Teleflex's characterizations of those exhibits to the extent they differ from the contents of the exhibits themselves. Medtronic denies the remaining allegations in Paragraph 83.

84. Medtronic did not develop the Telescope catheter on its own, but instead copied VSI's GuideLiner catheter. Medtronic has willfully infringed, and continues to willfully infringe, the '776 patent.

**ANSWER:** Medtronic denies the allegations in Paragraph 84.

85. VSI has satisfied the notice or marking provisions of 35 U.S.C. § 287.

**ANSWER:** Medtronic lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 85, and therefore denies the same.

86. Medtronic's infringement of the '776 patent has caused and will continue to cause damage to VSI, causing irreparable harm for which there is no adequate remedy at law, unless enjoined.

**ANSWER:** Medtronic denies the allegations in Paragraph 86.

## COUNT IV

### Claim for Patent Infringement of U.S. Patent No. RE47,379

87.     The allegations of paragraphs 1-86 are re-alleged as if fully set forth herein.

**ANSWER:**   Medtronic repeats and re-alleges the foregoing responses as if fully

set forth herein.

88.     Teleflex S.à r.l. is the owner of United States Patent No. RE47,379 ("'379 Patent"), which issued on May 7, 2019, a copy of which is attached as Exhibit J.

**ANSWER:**   Medtronic admits that Exhibit J to the Complaint appears to be a

copy of U.S. Patent No. RE47,379.  Medtronic lacks knowledge or information sufficient

to form a belief as to the truth of the remaining allegations in Paragraph 88, and therefore

denies the same.

89.     Medtronic has infringed and continues to infringe one or more claims of the '379 patent, including at least claims 25, 33, 34, 38, and 44, under 35 U.S.C. § 271(g) by importing into the United States and/or offering to sell, selling, or using (directly or through intermediaries), in this District and elsewhere in the United States, guide extension catheters, namely Telescope guide extension catheters that are made by a process patented in the United States.

**ANSWER:**   Medtronic denies the allegations in Paragraph 89.

90.     Attached as Exhibit O is a claim chart showing an example of how Medtronic infringes claims 25, 33, 34, 38, and 44 of the '379 patent.

**ANSWER:**   Medtronic admits that Exhibit O to the Complaint is a claim chart

but denies that Exhibit O establishes that Medtronic infringes any valid and enforceable

claim of the '379 patent.

91.     Manufacture of Medtronic's Telescope catheter satisfies claim element 25(p), as shown in Exhibit O.

**ANSWER:**   Medtronic states that the term "satisfies" is vague, such that

Medtronic is unable to form a response.  To the extent the allegations in Paragraph 91

suggest that the Telescope™ Catheter and/or the manufacture thereof infringes any valid and enforceable claim of the '379 patent, Medtronic denies them.

92.     Manufacture of Medtronic's Telescope catheter satisfies claim element 25(a), as shown in Exhibit O.

**ANSWER:**   Medtronic states that the term "satisfies" is vague, such that Medtronic is unable to form a response.  To the extent the allegations in Paragraph 92 suggest that the Telescope™ Catheter and/or the manufacture thereof infringes any valid and enforceable claim of the '379 patent, Medtronic denies them.

93.     Manufacture of Medtronic's Telescope catheter satisfies claim element 25(b), as shown in Exhibit O.

**ANSWER:**   Medtronic states that the term "satisfies" is vague, such that Medtronic is unable to form a response.  To the extent the allegations in Paragraph 93 suggest that the Telescope™ Catheter and/or the manufacture thereof infringes any valid and enforceable claim of the '379 patent, Medtronic denies them.

94.     Manufacture of Medtronic's Telescope catheter satisfies claim element 25(c), as shown in Exhibit O.

**ANSWER:**   Medtronic states that the term "satisfies" is vague, such that Medtronic is unable to form a response.  To the extent the allegations in Paragraph 94 suggest that the Telescope™ Catheter and/or the manufacture thereof infringes any valid and enforceable claim of the '379 patent, Medtronic denies them.

95.     Manufacture of Medtronic's Telescope catheter satisfies claim element 25(d), as shown in Exhibit O.

**ANSWER:**   Medtronic states that the term "satisfies" is vague, such that Medtronic is unable to form a response.  To the extent the allegations in Paragraph 95

suggest that the Telescope™ Catheter and/or the manufacture thereof infringes any valid and enforceable claim of the '379 patent, Medtronic denies them.

96.     Manufacture of Medtronic's Telescope catheter satisfies claim element 25(e), as shown in Exhibit O.

**ANSWER:**  Medtronic states that the term "satisfies" is vague, such that Medtronic is unable to form a response.  To the extent the allegations in Paragraph 96 suggest that the Telescope™ Catheter and/or the manufacture thereof infringes any valid and enforceable claim of the '379 patent, Medtronic denies them.

97.     Manufacture of Medtronic's Telescope catheter satisfies claim element 25(f), as shown in Exhibit O.

**ANSWER:**  Medtronic states that the term "satisfies" is vague, such that Medtronic is unable to form a response.  To the extent the allegations in Paragraph 97 suggest that the Telescope™ Catheter and/or the manufacture thereof infringes any valid and enforceable claim of the '379 patent, Medtronic denies them.

98.     Manufacture of Medtronic's Telescope catheter satisfies claim element 25(g), as shown in Exhibit O.

**ANSWER:**  Medtronic states that the term "satisfies" is vague, such that Medtronic is unable to form a response.  To the extent the allegations in Paragraph 98 suggest that the Telescope™ Catheter and/or the manufacture thereof infringes any valid and enforceable claim of the '379 patent, Medtronic denies them.

99.     Manufacture of Medtronic's Telescope catheter satisfies claim element 33, as shown in Exhibit O.

**ANSWER:**  Medtronic states that the term "satisfies" is vague, such that Medtronic is unable to form a response.  To the extent the allegations in Paragraph 99

suggest that the Telescope™ Catheter and/or the manufacture thereof infringes any valid and enforceable claim of the '379 patent, Medtronic denies them.

100.   Manufacture of Medtronic's Telescope 6F catheter satisfies claim element 34, as shown in Exhibit O.

**ANSWER:**   Medtronic states that the term "satisfies" is vague, such that Medtronic is unable to form a response.  To the extent the allegations in Paragraph 100 suggest that the Telescope™ Catheter and/or the manufacture thereof infringes any valid and enforceable claim of the '379 patent, Medtronic denies them.

101.   Manufacture of Medtronic's Telescope catheter satisfies claim element 38(p), as shown in Exhibit O.

**ANSWER:**   Medtronic states that the term "satisfies" is vague, such that Medtronic is unable to form a response.  To the extent the allegations in Paragraph 101 suggest that the Telescope™ Catheter and/or the manufacture thereof infringes any valid and enforceable claim of the '379 patent, Medtronic denies them.

102.   Manufacture of Medtronic's Telescope catheter satisfies claim element 38(a), as shown in Exhibit O.

**ANSWER:**   Medtronic states that the term "satisfies" is vague, such that Medtronic is unable to form a response.  To the extent the allegations in Paragraph 102 suggest that the Telescope™ Catheter and/or the manufacture thereof infringes any valid and enforceable claim of the '379 patent, Medtronic denies them.

103.   Manufacture of Medtronic's Telescope catheter satisfies claim element 38(b), as shown in Exhibit O.

**ANSWER:**   Medtronic states that the term "satisfies" is vague, such that Medtronic is unable to form a response.  To the extent the allegations in Paragraph 103

suggest that the Telescope™ Catheter and/or the manufacture thereof infringes any valid and enforceable claim of the '379 patent, Medtronic denies them.

104.    Manufacture of Medtronic's Telescope catheter satisfies claim element 38(c), as shown in Exhibit O.

**ANSWER:**   Medtronic states that the term "satisfies" is vague, such that Medtronic is unable to form a response.  To the extent the allegations in Paragraph 104 suggest that the Telescope™ Catheter and/or the manufacture thereof infringes any valid and enforceable claim of the '379 patent, Medtronic denies them.

105.    Manufacture of Medtronic's Telescope catheter satisfies claim element 38(d), as shown in Exhibit O.

**ANSWER:**   Medtronic states that the term "satisfies" is vague, such that Medtronic is unable to form a response.  To the extent the allegations in Paragraph 105 suggest that the Telescope™ Catheter and/or the manufacture thereof infringes any valid and enforceable claim of the '379 patent, Medtronic denies them.

106.    Manufacture of Medtronic's Telescope catheter satisfies claim element 38(e), as shown in Exhibit O.

**ANSWER:** Medtronic states that the term "satisfies" is vague, such that Medtronic is unable to form a response.  To the extent the allegations in Paragraph 106 suggest that the Telescope™ Catheter and/or the manufacture thereof infringes any valid and enforceable claim of the '379 patent, Medtronic denies them.

107.    Manufacture of Medtronic's Telescope catheter satisfies claim element 44, as shown in Exhibit O.

**ANSWER:**   Medtronic states that the term "satisfies" is vague, such that Medtronic is unable to form a response.  To the extent the allegations in Paragraph 107

suggest that the Telescope™ Catheter and/or the manufacture thereof infringes any valid

and enforceable claim of the '379 patent, Medtronic denies them.

108.    VSI did not give Medtronic authorization or license to use, offer to sell,
sell, or import the Telescope catheter.

**ANSWER:**   Medtronic admits that Teleflex did not give Medtronic authorization

or license to make, use, offer to sell, sell, or import the Telescope™ Catheter, but denies

that such authorization is required under applicable law.

109.    Medtronic also indirectly infringes the '379 patent, including at least claims
25, 33, 34, 38, and 44 under 35 U.S.C. § 271(b) and claims 33 and 34 under 35 U.S.C. §
271(c).

**ANSWER:**   Medtronic denies the allegations in Paragraph 109.

110.    At least as of the date of this complaint, Medtronic had knowledge of the
'379 patent.

**ANSWER:**   Medtronic admits that it had knowledge of the '379 patent as of July

3, 2019, the date Teleflex served the Complaint upon Medtronic.

111.    Medtronic has induced and continues to induce infringement in this District
and elsewhere in the United States of one or more claims of the '379 patent, including at
least claims 25, 33, 34, 38, and 44, by, among other things, actively and successfully
encouraging, instructing, enabling, and otherwise causing end users and/or customers to
use its Telescope catheter in a manner that infringes the '379 patent.  For example,
Medtronic's Instructions for Use instruct end users and/or customers to use the Telescope
catheter to perform interventional cardiology procedures.  *E.g.*, Ex. B at 4 ("The guide
extension catheter is designed to act as an extension to a traditional guide catheter and to
facilitate the delivery of interventional devices into the vasculature.  The guide extension
catheter is intended to be used within the coronary and/or peripheral vasculature to
provide support.").  Medtronic's Instructions for Use, FDA submission, and marketing
materials indicate that Telescope is specifically designed to be used with a guide catheter
and require that the Telescope catheter be used along with a guide catheter.  *E.g.*, Ex. A at
39 ("Required GC I.D. (in.) . . ."); Ex. B at 4 ("Telescope guide extension catheter is
intended to be used in conjunction with guide catheters . . . .") ("The guide extension
catheter is designed to act as an extension to a traditional guide catheter . . . ."), 5 ("Other
items that are required but not provided in the package: Guide catheter . . . ."); Ex. E at 5

("The guide extension catheter is designed to act as an extension to a traditional guide catheter . . . .") ("Telescope™ Guide Extension Catheter is intended to be used in conjunction with guide catheters . . . ."). End users and/or customers have used the Telescope catheter in a manner that infringes one or more claims of the '379 patent.

**ANSWER:**   Medtronic admits that the quoted language appears in Exhibits A, B, and E to the Complaint, but denies Teleflex's characterizations of those exhibits to the extent they differ from the contents of the exhibits themselves. Medtronic denies the remaining allegations in Paragraph 111.

112.   Medtronic has contributed to and continues to contribute to the infringement of one or more claims of the '379 patent, including at least claims 33 and 34, by importing into the United States (directly or through intermediaries) and/or offering to sell and selling (directly or through intermediaries), to end users and/or customers, in this District and elsewhere in the United States, its Telescope catheter, a product that constitutes a component of a combination or system covered by the '379 patent. Upon information and belief, Medtronic knows its products are especially made or especially adapted for use in an infringement and that there is no substantial non-infringing use for a Telescope catheter without a guide catheter. *E.g.*, Ex. A at 39 ("Required GC I.D. (in.) . . ."); Ex. B at 4 ("Telescope guide extension catheter is intended to be used in conjunction with guide catheters . . . .") ("The guide extension catheter is designed to act as an extension to a traditional guide catheter . . . .") ("The guide extension catheter is offered in sizes compatible with 6 Fr and 7 Fr guide catheters . . . .") ("The guide extension catheter is delivered through a guide catheter resulting in an overall inner diameter that is approximately 1 Fr smaller than the guide catheter."), 5 ("Other items that are required but not provided in the package: Guide catheter . . . ."); Ex. E at 5 ("The guide extension catheter is designed to act as an extension to a traditional guide catheter . . . .") ("Telescope™ Guide Extension Catheter is intended to be used in conjunction with guide catheters . . . ."). The Telescope catheter constitutes a material part of the invention, and end users and/or customers have used the Telescope catheter, along with a guide catheter and/or a Medtronic Guide Catheter as part of a combination that infringes one or more claims of the '379 patent.

**ANSWER:**   Medtronic admits that the quoted language appears in Exhibits A, B, and E to the Complaint, but denies Teleflex's characterization of those exhibits to the extent they differ from the contents of the exhibits themselves. Medtronic denies the remaining allegations in Paragraph 112.

113.    VSI has satisfied the notice or marking provisions of 35 U.S.C. § 287.

**ANSWER:**   Medtronic lacks knowledge or information sufficient to form a belief

as to the truth of the allegations in Paragraph 113, and therefore denies the same.

114.    Medtronic's infringement of the '379 patent has caused and will continue to
cause damage to VSI, causing irreparable harm for which there is no adequate remedy at
law, unless enjoined.

**ANSWER:**   Medtronic denies the allegations in Paragraph 114.

### COUNT V
### Claim for Patent Infringement of U.S. Patent No. RE45,760

115.    The allegations of paragraphs 1-114 are re-alleged as if fully set forth
herein.

**ANSWER:**   Medtronic repeats and re-alleges the foregoing responses as if fully

set forth herein.

116.    Teleflex S.à r.l. is the owner of United States Patent No. RE45,760 ("'760
Patent"), which issued on October 20, 2015, a copy of which is attached as Exhibit K.

**ANSWER:**   Medtronic admits that Exhibit K to the Complaint appears to be a

copy of U.S. Patent No. RE45,760.  Medtronic lacks knowledge or information sufficient

to form a belief as to the truth of the remaining allegations in Paragraph 116, and

therefore denies the same.

117.    Medtronic has infringed and continues to infringe one or more claims of the
'760 patent, including at least claims 25, 28, 29, 32, and 48, under 35 U.S.C. § 271(a) by
making, using, offering to sell, selling, and/or importing (directly or through
intermediaries), in this District and elsewhere in the United States, a system made up of
guide extension catheters, namely the Telescope 6F catheter, and guide catheters, namely
Medtronic Guide Catheters.

**ANSWER:**   Medtronic denies the allegations in Paragraph 117.

118.    Attached as Exhibit P is a claim chart showing an example of how Medtronic infringes claims 25, 28, 29, 32, and 48 of the '760 patent.

**ANSWER:**   Medtronic admits that Exhibit P to the Complaint is a claim chart but denies that Exhibit P establishes that Medtronic infringes any valid and enforceable claim of the '760 patent.

119.    Medtronic's Telescope 6F catheter and/or Medtronic's Guide Catheters satisfy claim element 25(p), as shown in Exhibit P.

**ANSWER:**   Medtronic states that the term "satisfy" is vague, such that Medtronic is unable to form a response.  To the extent the allegations in Paragraph 119 suggest that the Telescope™ Catheter and/or any Medtronic® branded guide catheter infringe any valid and enforceable claim of the '760 patent, Medtronic denies them.

120.    Medtronic's Telescope 6F catheter and/or Medtronic's Guide Catheters satisfy claim element 25(a), as shown in Exhibit P.

**ANSWER:**   Medtronic states that the term "satisfy" is vague, such that Medtronic is unable to form a response.  To the extent the allegations in Paragraph 120 suggest that the Telescope™ Catheter and/or any Medtronic® branded guide catheter infringe any valid and enforceable claim of the '760 patent, Medtronic denies them.

121.    Medtronic's Telescope 6F catheter and/or Medtronic's Guide Catheters satisfy claim element 25(b), as shown in Exhibit P.

**ANSWER:**   Medtronic states that the term "satisfy" is vague, such that Medtronic is unable to form a response.  To the extent the allegations in Paragraph 121 suggest that the Telescope™ catheter and/or any Medtronic® branded guide catheter infringe any valid and enforceable claim of the '760 patent, Medtronic denies them.

122.    Medtronic's Telescope 6F catheter and/or Medtronic's Guide Catheters satisfy claim element 25(c), as shown in Exhibit P.

**ANSWER:**   Medtronic states that the term "satisfy" is vague, such that Medtronic is unable to form a response.  To the extent the allegations in Paragraph 122 suggest that the Telescope™ catheter and/or any Medtronic® branded guide catheter infringe any valid and enforceable claim of the '760 patent, Medtronic denies them.

123.   Medtronic's Telescope 6F catheter and/or Medtronic's Guide Catheters satisfy claim element 25(d), as shown in Exhibit P.

**ANSWER:**   Medtronic states that the term "satisfy" is vague, such that Medtronic is unable to form a response.  To the extent the allegations in Paragraph 123 suggest that the Telescope™ catheter and/or any Medtronic® branded guide catheter infringe any valid and enforceable claim of the '760 patent, Medtronic denies them.

124.   Medtronic's Telescope 6F catheter and/or Medtronic's Guide Catheters satisfy claim element 25(e), as shown in Exhibit P.

**ANSWER:**   Medtronic states that the term "satisfy" is vague, such that Medtronic is unable to form a response.  To the extent the allegations in Paragraph 124 suggest that the Telescope™ catheter and/or any Medtronic® branded guide catheter infringe any valid and enforceable claim of the '760 patent, Medtronic denies them.

125.   Medtronic's Telescope 6F catheter and/or Medtronic's Guide Catheters satisfy claim element 25(f), as shown in Exhibit P.

**ANSWER:**   Medtronic states that the term "satisfy" is vague, such that Medtronic is unable to form a response.  To the extent the allegations in Paragraph 125 suggest that the Telescope™ catheter and/or any Medtronic® branded guide catheters infringe any valid and enforceable claim of the '760 patent, Medtronic denies them.

126.   Medtronic's Telescope 6F catheter and/or Medtronic's Guide Catheters satisfy claim element 28, as shown in Exhibit P.

**ANSWER:**   Medtronic states that the term "satisfy" is vague, such that Medtronic is unable to form a response.  To the extent the allegations in Paragraph 126 suggest that the Telescope™ catheter and/or any Medtronic® branded guide catheter infringe any valid and enforceable claim of the '760 patent, Medtronic denies them.

127.   Medtronic's Telescope 6F catheter and/or Medtronic's Guide Catheters satisfy claim element 29, as shown in Exhibit P.

**ANSWER:**   Medtronic states that the term "satisfy" is vague, such that Medtronic is unable to form a response.  To the extent the allegations in Paragraph 127 suggest that the Telescope™ catheter and/or any Medtronic® branded guide catheter infringe any valid and enforceable claim of the '760 patent, Medtronic denies them.

128.   Medtronic's Telescope 6F catheter and/or Medtronic's Guide Catheters satisfy claim element 32, as shown in Exhibit P.

**ANSWER:**   Medtronic states that the term "satisfy" is vague, such that Medtronic is unable to form a response.  To the extent the allegations in Paragraph 128 suggest that the Telescope™ catheter and/or any Medtronic® branded guide catheter infringe any valid and enforceable claim of the '760 patent, Medtronic denies them.

129.   Medtronic's Telescope 6F catheter and/or Medtronic's Guide Catheters satisfy claim element 48(p), as shown in Exhibit P.

**ANSWER:**   Medtronic states that the term "satisfy" is vague, such that Medtronic is unable to form a response.  To the extent the allegations in Paragraph 129 suggest that the Telescope™ catheter and/or any Medtronic® branded guide catheter infringe any valid and enforceable claim of the '760 patent, Medtronic denies them.

130.   Medtronic's Telescope 6F catheter and/or Medtronic's Guide Catheters satisfy claim element 48(a), as shown in Exhibit P.

**ANSWER:**   Medtronic states that the term "satisfy" is vague, such that Medtronic is unable to form a response.  To the extent the allegations in Paragraph 130 suggest that the Telescope™ catheter and/or any Medtronic® branded guide catheter infringe any valid and enforceable claim of the '760 patent, Medtronic denies them.

131.    Medtronic's Telescope 6F catheter and/or Medtronic's Guide Catheters satisfy claim element 48(b), as shown in Exhibit P.

**ANSWER:**   Medtronic states that the term "satisfy" is vague, such that Medtronic is unable to form a response.  To the extent the allegations in Paragraph 131 suggest that the Telescope™ catheter and/or any Medtronic® branded guide catheter infringe any valid and enforceable claim of the '760 patent, Medtronic denies them.

132.    Medtronic's Telescope 6F catheter and/or Medtronic's Guide Catheters satisfy claim element 48(c), as shown in Exhibit P.

**ANSWER:**   Medtronic states that the term "satisfy" is vague, such that Medtronic is unable to form a response.  To the extent the allegations in Paragraph 132 suggest that the Telescope™ catheter and/or any Medtronic® branded guide catheter infringe any valid and enforceable claim of the '760 patent, Medtronic denies them.

133.    Medtronic's Telescope 6F catheter and/or Medtronic's Guide Catheters satisfy claim element 48(d), as shown in Exhibit P.

**ANSWER:**   Medtronic states that the term "satisfy" is vague, such that Medtronic is unable to form a response.  To the extent the allegations in Paragraph 133 suggest that the Telescope™ catheter and/or any Medtronic® branded guide catheter infringe any valid and enforceable claim of the '760 patent, Medtronic denies them.

134.    Medtronic's Telescope 6F catheter and/or Medtronic's Guide Catheters satisfy claim element 48(e), as shown in Exhibit P.

**ANSWER:**   Medtronic states that the term "satisfy" is vague, such that Medtronic is unable to form a response.  To the extent the allegations in Paragraph 134 suggest that the Telescope™ catheter and/or any Medtronic® branded guide catheter infringe any valid and enforceable claim of the '760 patent, Medtronic denies them.

135.   Medtronic's Telescope 6F catheter and/or Medtronic's Guide Catheters satisfy claim element 48(f), as shown in Exhibit P.

**ANSWER:**   Medtronic states that the term "satisfy" is vague, such that Medtronic is unable to form a response.  To the extent the allegations in Paragraph 135 suggest that the Telescope™ catheter and/or any Medtronic® branded guide catheter infringe any valid and enforceable claim of the '760 patent, Medtronic denies them.

136.   VSI did not give Medtronic authorization or license to make, use, offer to sell, sell, or import the Telescope 6F catheter or a system comprising the Telescope 6F catheter and a Medtronic Guide Catheter.

**ANSWER:**   Medtronic admits that Teleflex did not give Medtronic authorization or license to make, use, offer to sell, sell, or import the Telescope™ Catheter or a system comprising the Telescope™ Catheter and any Medtronic® branded guide catheter, but denies that such authorization is required under applicable law.

137.   Medtronic also indirectly infringes the '760 patent, including at least claims 25, 28, 29, 32, and 48, under 35 U.S.C. § 271(b) and (c).

**ANSWER:**   Medtronic denies the allegations in Paragraph 137.

138.   Upon information and belief, at least as early as February 22, 2019, Medtronic had knowledge of the '760 patent.

**ANSWER:**   Medtronic admits the allegations in Paragraph 138.

139.   Medtronic has induced and continues to induce infringement in this District and elsewhere in the United States of one or more claims of the '760 patent, including at least claims 25, 28, 29, 32, and 48, by, among other things, actively and successfully

encouraging, instructing, enabling, and otherwise causing end users and/or customers to use its Telescope 6F catheter along with Medtronic Guide Catheters and/or third-party guide catheters, and a hemostasis valve as a system which infringes the '760 patent. For example, Medtronic's Instructions for Use instruct end users and/or customers to use the Telescope 6F catheter along with a guide catheter and hemostatic valve to perform interventional cardiology procedures. *E.g.,* Ex. B at 4 ("The guide extension catheter is designed to act as an extension to a traditional guide catheter and to facilitate the delivery of interventional devices into the vasculature. The guide extension catheter is intended to be used within the coronary and/or peripheral vasculature to provide support.") ("Open the hemostasis valve and advance the guide extension catheter through the hemostasis valve and into the guide catheter."). Medtronic's Instructions for Use, FDA submission, and marketing materials indicate that Telescope is specifically designed to be used with a guide catheter and require that the Telescope catheter be used along with a guide catheter. *E.g.*, Ex. A at 11, 39 ("Required GC I.D. (in.) . . ."); Ex. B at 4 ("Telescope guide extension catheter is intended to be used in conjunction with guide catheters . . . .") ("The guide extension catheter is designed to act as an extension to a traditional guide catheter . . . ."), 5 ("Other items that are required but not provided in the package: Guide catheter . . . Y-adaptor with hemostasis valve"); Ex. E at 5 ("The guide extension catheter is designed to act as an extension to a traditional guide catheter . . . .") ("Telescope™ Guide Extension Catheter is intended to be used in conjunction with guide catheters . . . ."). End users and/or customers have used the Telescope 6F catheter as part of a system that infringes one or more claims of the '760 patent.

**ANSWER:**   Medtronic admits that the quoted language appears in Exhibits A, B, and E to the Complaint, but denies Teleflex's characterizations of those exhibits to the extent they differ from the contents of the exhibits themselves. Medtronic denies the remaining allegations in Paragraph 139.

140.   Medtronic has contributed to and continues to contribute to the infringement of one or more claims of the '760 patent, including at least claims 25, 28, 29, 32, and 48, by importing into the United States (directly or through intermediaries) and/or offering to sell and selling (directly or through intermediaries), to end users and/or customers, in this District and elsewhere in the United States, its Telescope 6F catheter, a product that constitutes a component of a combination or system covered by the '760 patent. Upon information and belief, Medtronic knows its products are especially made or especially adapted for use in an infringement and that there is no substantial non-infringing use for a Telescope 6F catheter without a guide catheter and a hemostatic valve. *E.g.*, Ex. A at 11, 39 ("Required GC I.D. (in.) . . ."); Ex. B at 4 ("Telescope guide extension catheter is intended to be used in conjunction with guide catheters . . . .") ("The guide extension catheter is designed to act as an extension to a traditional guide catheter .

. . ."), 5 ("Other items that are required but not provided in the package: Guide catheter . . . Y-adaptor with hemostasis valve"); Ex. E at 5 ("The guide extension catheter is designed to act as an extension to a traditional guide catheter . . . .") ("Telescope™ Guide Extension Catheter is intended to be used in conjunction with guide catheters . . . ."). The Telescope 6F catheter constitutes a material part of the invention, and end users and/or customers have used the Telescope catheter as part of a system that infringes one or more claims of the '760 patent.

**ANSWER:**   Medtronic admits that the quoted language appears in Exhibits A, B, and E to the Complaint, but denies Teleflex's characterizations of those exhibits to the extent they differ from the contents of the exhibits themselves.  Medtronic denies the remaining allegations in Paragraph 140.

141.    Medtronic did not develop the Telescope catheter on its own, but instead copied VSI's GuideLiner catheter.  Medtronic has willfully infringed and continues to willfully infringe, the '760 patent.

**ANSWER:**   Medtronic denies the allegations in Paragraph 141.

142.    VSI has satisfied the notice or marking provisions of 35 U.S.C. § 287.

**ANSWER:**   Medtronic lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 142, and therefore denies the same.

143.    Medtronic's infringement of the '760 patent has caused and will continue to cause damage to VSI, causing irreparable harm for which there is no adequate remedy at law, unless enjoined.

**ANSWER:**   Medtronic denies the allegations in Paragraph 143.

## **PRAYER FOR RELIEF**

Teleflex's Prayer for Relief sets forth its requested relief and does not require a response.  However, to the extent that the Prayer for Relief may be construed to contain allegations of fact, Medtronic denies them.  Medtronic further denies that Teleflex is entitled to any of the relief sought in its Complaint.

## DEFENSES

Without assuming burden of proof which would otherwise lie with Teleflex,

Medtronic alleges and asserts the following defenses in response to Plaintiffs' Complaint:

**FIRST DEFENSE:**   Medtronic has not infringed and is not infringing, directly or

indirectly, any valid and enforceable claim of any of the patents asserted in this action.

**SECOND DEFENSE:**   All claims in the '032 patent, '380 patent, '776 patent,

'760 patent, and '379 patent are invalid for failure to satisfy one or more conditions of

patentability set forth in Title 35 of the United States Code, including, but not limited to,

35 U.S.C. §§ 102, 103 and/or 112.

**THIRD DEFENSE:**   Claims in one or more of the patents-in-suit are invalid for

impermissible recapture of surrendered subject matter.

**FOURTH DEFENSE:**   Medtronic has the right to continue to import, offer to

sell, sell, and use the Telescope™ catheter alone or in conjunction with other guide

catheters under 35 U.S.C. § 252.

**FIFTH DEFENSE:**   The Complaint fails to state a claim for willful patent

infringement.  Medtronic has not and does not willfully infringe any valid and

enforceable claim of any of the patents asserted in this action.

**SIXTH DEFENSE:**   None of Medtronic's actions or lack of actions support any

determination that this is an exceptional case under 35 U.S.C. § 285.

**SEVENTH DEFENSE:**   Teleflex is not entitled to injunctive relief because the

allegations in the Complaint are without merit.  Further, any alleged injury to Teleflex is

not immediate or irreparable, Teleflex has an adequate remedy at law, the public interest

would be disserved by an injunction, and the balance of equities does not favor Teleflex.

## RIGHT TO AMEND DEFENSES

Medtronic reserves the right to assert additional defenses in the event that

discovery or other analysis indicates that additional defenses are appropriate.

## COUNTERCLAIMS

Pursuant to Rule 13 of the Federal Rules of Civil Procedure, Defendants and

Counterclaim-Plaintiffs Medtronic, Inc. and Medtronic Vascular, Inc. (collectively,

"Medtronic"), allege as follows:

## PARTIES

1.      Medtronic, Inc. is a Minnesota corporation with its principal place of

business in Fridley, Minnesota.

2.      Medtronic Vascular, Inc. is a Delaware corporation with its principal place

of business in Santa Rosa, California.  Medtronic Vascular, Inc. is registered to do

business in Minnesota.

3.      On information and belief, Plaintiff and Counterclaim-Defendant Vascular

Solutions LLC is a Minnesota entity with a place of business in Maple Grove, Minnesota.

4.      On information and belief, Plaintiff and Counterclaim-Defendant Teleflex

S.à r.l. is a foreign corporation affiliated with Vascular Solutions LLC.

5.      On information and belief, Plaintiff and Counterclaim-Defendant Arrow

International, Inc. is a Pennsylvania corporation affiliated with Vascular Solutions LLC

and Teleflex S.à r.l.

6.      On information and belief, Plaintiff and Counterclaim-Defendant Teleflex

LLC is affiliated with Counterclaim Defendant Arrow International, Inc. and has business

dealings with Arrow International, Inc. related to the patents-in-suit.

7.      The Plaintiffs and Counterclaim-Defendants identified in the foregoing

paragraphs are referred to collectively herein as "Teleflex."

## JURISDICTION AND VENUE

8.      This is an action for declaratory judgment of invalidity of U.S. Patent Nos.

8,048,032 ("'032 Patent"), RE45,760 ("'760 Patent"), RE47,379 ("'379 Patent"),

RE45,776 ("'776 Patent"), and RE45,380 ("'380 Patent") (collectively the "Asserted

Patents") arising under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, and the

Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202.

9.       This Court has subject matter jurisdiction over Medtronic's Counterclaims

under 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

10.      Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) and

1391(c).

11.      Teleflex has consented to personal jurisdiction and venue in this district by

filing suit against Medtronic in this Court.

12.     Based on Teleflex's filing of its Complaint, an actual, substantial, and continuing justiciable controversy exists between Medtronic and Teleflex regarding the validity of the Asserted Patents.

## COUNTERCLAIM I
## DECLARATORY JUDGMENT OF INVALIDITY OF THE '032 PATENT

13.     The allegations of Paragraph 1-12 are re-alleged as if fully set forth herein.

14.     Teleflex has asserted the '032 Patent against Medtronic.

15.     One or more claims of the '032 Patent is invalid for failure to satisfy one or more of the conditions of patentability set forth in Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 102, 103, and/or 112.

16.     Medtronic is entitled to a declaratory judgment of invalidity of the '032 Patent.

## COUNTERCLAIM II
## DECLARATORY JUDGMENT OF INVALIDITY OF THE '380 PATENT

17.     The allegations of Paragraph 1-16 are re-alleged as if fully set forth herein.

18.     Teleflex has asserted the '380 Patent against Medtronic.

19.     One or more claims of the '380 Patent is invalid for failure to satisfy one or more of the conditions of patentability set forth in Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 102, 103, and/or 112, and/or the impermissible recapture of surrendered subject matter.

20.     Medtronic is entitled to a declaratory judgment of invalidity of the '380 Patent.

## COUNTERCLAIM III
## DECLARATORY JUDGMENT OF INVALIDITY OF THE '776 PATENT

21.    The allegations of Paragraph 1-20 are re-alleged as if fully set forth herein.

22.    Teleflex has asserted the '776 Patent against Medtronic.

23.    One or more claims of the '776 Patent is invalid for failure to satisfy one or more of the conditions of patentability set forth in Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 102, 103, and/or 112, and/or the impermissible recapture of surrendered subject matter.

24.    Medtronic is entitled to a declaratory judgment of invalidity of the '776 Patent.

## COUNTERCLAIM IV
## DECLARATORY JUDGMENT OF INVALIDITY OF THE '379 PATENT

25.    The allegations of Paragraph 1-24 are re-alleged as if fully set forth herein.

26.    Teleflex has asserted the '379 Patent against Medtronic.

27.    One or more claims of the '379 Patent is invalid for failure to satisfy one or more of the conditions of patentability set forth in Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 102, 103, and/or 112, and/or the impermissible recapture of surrendered subject matter.

28.    Medtronic is entitled to a declaratory judgment of invalidity of the '379 Patent.

## COUNTERCLAIM V
## DECLARATORY JUDGMENT OF INVALIDITY OF THE '760 PATENT

29.    The allegations of Paragraph 1-28 are re-alleged as if fully set forth herein.

30.     Teleflex has asserted the '760 Patent against Medtronic.

31.     One or more claims of the '760 Patent is invalid for failure to satisfy one or more of the conditions of patentability set forth in Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 102, 103, and/or 112, and/or the impermissible recapture of surrendered subject matter.

32.     Medtronic is entitled to a declaratory judgment of invalidity of the '760 Patent.

## DEMAND FOR JURY TRIAL

In accordance with Rule 38(b) of the Federal Rules of Civil Procedure, Medtronic demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Medtronic respectfully requests the following relief:

1.     Judgment in favor of Medtronic denying all relief requested by Teleflex in this action and dismissing Teleflex's Complaint for patent infringement with prejudice;

2.     Judgment declaring that each of the Asserted Patents is invalid;

3.     Judgment declaring this to be an exceptional case under 35 U.S.C. § 285 and awarding Medtronic its costs, expenses, and reasonable attorneys' fees; and

4.     Such other and further relief as the Court deems just and proper.

Respectfully submitted,

Dated:  August 23, 2019

*s/Laura L. Myers*
Kurt J. Niederluecke  (#0271597)
Lora M. Friedemann  (#0259615)
Laura L. Myers  (#0387116)
Anne E. Rondoni Tavernier  (#0398516)
**FREDRIKSON & BYRON, P.A.**
200 South Sixth Street, Suite 4000
Minneapolis, MN  55402-1425
Telephone:  612.492.7000
Facsimile:  612.492.7077

kniederluecke@fredlaw.com
lfriedemann@fredlaw.com
lmyers@fredlaw.com
arondonitavernier@fredlaw.com

***Attorneys for***
***Defendants/Counterclaim Plaintiffs***

67484651