UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Vascular Solutions LLC, et al., | Case No. 19-cv-1760 (PJS/TNL) |
| Plaintiffs, | |
| v. | **ORDER** |
| Medtronic, Inc., et al., | ***FILED UNDER SEAL*** |
| Defendants. | |

Alexander S. Rinn, J. Derek Vandenburgh, Joseph W. Winkels, Megan E. Hingten, Shelleaha L. Jones, and Tara C. Norgard, Carlson Caspers, 225 South Sixth Street, Suite 4200, Minneapolis, MN 55402, and Kenneth E. Levitt, Dorsey and Whitney, 50 South Sixth Street, Suite 1500, Minneapolis, MN 55402 (for Plaintiffs); and

Anne E. Rondoni Tavernier, Kurt J. Niederluecke, Laura L. Myers, and Lora Mitchell Friedemann, Fredrikson and Byron, 200 South Sixth Street, Suite 4000, Minneapolis, MN 55402 (for Defendants).

This matter is before the Court on Medtronic's Motion to Stay and for a Protective Order. (ECF No. 250). For the reasons set forth below, the Court will grant the motion to stay and deny as moot the motion for a protective order.

**I.   BACKGROUND**

Plaintiffs filed suit in July 2019, alleging infringement of five patents. They also sought a preliminary injunction, which was subsequently denied. (ECF No. 247). Approximately four months after Plaintiffs filed suit, Defendants filed thirteen petitions for inter partes review ("IPR"), challenging all patent claims that were a part of this lawsuit.

1

(ECF No. 113, p. 1). A few months after Defendants filed their IPR petitions, Plaintiffs filed an amended complaint, alleging infringement of two additional patents.

In June 2020, the Patent Trial and Appeal Board ("PTAB") instituted trial on the first six IPR petitions. Defendants then moved to stay proceedings pending resolution of the IPR proceedings. A few weeks later, the PTAB instituted trial on five of the remaining seven petitions.

## II. ANALYSIS

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Cottrell v. Duke*, 737 F.3d 1238, 1248 (8th Cir. 2013). "Because a stay of proceedings has the potential to damage the party opposing it, the decision to stay should weigh the 'competing interests and maintain an even balance,' recognizing that the Supreme Court has counseled moderation in use." *In re Wholesale Grocery Prods. Antitrust Litig.,* No. 09-md-2090, 2013 WL 6533154, at *1 (D. Minn. Dec. 13, 2013) (quoting *Landis v. North American Co.*, 299 U.S. 248, 255 (1936)). In determining whether a stay is appropriate, courts consider: (1) whether the stay will simplify the issues in the litigation and facilitate the trial of that case; (2) whether the stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; and (3) the status of the case. *Intellectual Ventures II LLC v. U.S. Bancorp*, No. 13-cv-2071, 2014 WL 5369386, at *4 (D. Minn. Aug. 7, 2014). The Court will consider each factor in turn.

A stay is likely to simplify this litigation. Courts in this district have identified many benefits associated with a stay, including the PTAB's expertise in reviewing the prior art, resolution of discovery issues that are related to prior art, encouragement of settlement, and the reduction of cost and time for both the parties and the Court. *Id*. at *5-*6 (D. Minn. Aug. 7, 2014). These benefits are particularly apparent here, given that the PTAB has instituted trial on nearly all the claims from the original complaint. The first factor therefore weighs heavily in favor of a stay.

Plaintiffs contend a stay will not simplify matters because Defendants are unlikely to prevail on all their claims and because Defendants have not filed IPR petitions on the two patents added in the amended complaint. But regardless of the outcome of the IPR proceedings, the PTAB's expertise is a substantial benefit that will "necessarily simplify this litigation." *Carlson Pet Prods., Inc. v. North States Indus, Inc.*, No. 17-cv-2529, 2018 WL 1152001, at *3 (D. Minn. Mar. 5, 2018); *Graphic Packaging Int'l, Inc. v. Inline Packaging, LLC*, No. 15-cv-3476, 2016 WL 11641977, at *5 (D. Minn. Apr. 6, 2016). At a minimum, the PTAB's written determinations are likely to clarify the scope of the patents and prior art, which may reduce discovery and narrow the issues before the Court. *Arctic Cat Inc. v. Polaris Indus. Inc.*, No. 13-cv-3579, 2015 WL 6757533, at *3 (D. Minn. Nov. 5, 2015). The Court will also not hold the fact that petitions have not yet been filed with regard to the two newly added patents against Defendants as Plaintiffs made the tactical decision to add those patents only after Defendants filed the original 13 IPR petitions.

The Court will next consider whether a stay will cause undue prejudice. Plaintiffs argue that a stay will cause them considerable harm, including lost sales, price erosion, and

3

sales force attrition. But the loss of market share or sales and price erosion are economic harms that can be compensated by monetary damages. *Generac Power Sys. Inc. v. Kohler Co.*, 807 F. Supp. 2d 791, 798 (E.D. Wis. 2011). As a result, those harms do not constitute the type of prejudice necessary to deny a stay. *See id.* Furthermore, Plaintiffs admit that not a single sales representative has yet left the company. They only claim that they expect such attrition once the job market improves in light of the COVID-19 pandemic. (ECF No. 268, p. 4). As a result, Plaintiffs' claim of sales force attrition is largely speculative, and therefore insufficient to establish the type of prejudice that would negate the benefits of a stay here. *See Generac*, 807 F. Supp. 2d at 798 (explaining that conclusory arguments about the impact of the infringing product are insufficient to show undue prejudice).

Plaintiffs also suggest that delaying resolution of this matter will truncate their patent rights, citing to the fact that Defendants are likely to appeal adverse IPR decisions and file additional petitions on the two patents added in the amended complaint. While true that any stay will likely delay this matter, "speculation regarding the length of time it will take for the IPR proceedings and the Federal Appeal process to run their course is insufficient for this Court to find that there will be unnecessary delay or prejudice[.]" *See Intellectual Ventures II*, 2014 WL 5369386, at *4 (footnote omitted). This is particularly true when the delay is balanced against the benefits of a stay. *See id.* And again, as the Court noted above regarding the potential for additional delay should Defendants file (as expected) IPR petitions with the remaining two patents, some of the harm resulting from that delay is Plaintiffs' own doing, as they chose to amend their complaint after the original IPR petitions had been filed.

Plaintiffs further argue that once PTAB proceedings are complete, Defendants will continue to take additional steps to delay this litigation including requests to extend the scheduling order. The mere potential for delay, however, is insufficient to establish undue prejudice. *Neste Oil OYJ v. Dynamic Fuels, LLC*, No. 12-cv-1744, 2013 WL 3353984, at *2 (D. Del. July 2, 2013). This Court is well positioned to manage this matter and ensure that once IPR proceedings are complete, the case progresses efficiently to trial. Plaintiffs may also be able to obtain relief from the Court should they show Defendants are delaying this matter unreasonably upon completion of IPR proceedings.

Plaintiffs next claim that a stay may hinder their ability to access certain witnesses and pieces of evidence. Again, Plaintiffs' concern is largely speculative. Plaintiffs have identified only a single potential witness who has left Defendants' employ, and Plaintiffs' access to that person will be an issue regardless of whether the Court issues a stay. Generalized concerns regarding the loss of evidence or the potential for witnesses' memories to fade are otherwise insufficient to establish the type of prejudice necessary to outweigh the benefits of a stay. *Cf. Busch v. Bluestem Brands, Inc.*, No. 16-cv-644, 2017 WL 5054391, at *5 (D. Minn. Feb. 22, 2017). The Court therefore finds Plaintiffs' argument on this issue to be unavailing.

Finally, Plaintiffs argue that a stay is inappropriate because Defendants unjustifiably delayed in filing their IPR petitions. Defendants, however, submitted their IPR petitions approximately four months after Plaintiffs filed suit and in the midst of litigating a motion for preliminary injunction. They moved for a stay shortly after the PTAB issued an order instituting IPR proceedings. These circumstances do not establish the type of tactical delay

that would warrant denying a motion for a stay. *Cf. Stratasys, Inc. v. Microboards Tech., LLC*, No. 13-cv-3228, 2015 WL 1608344, at *3 (D. Minn. Apr. 10, 2015) (finding timing of party's IPR request to be reasonable based on certain discovery, preparation of the IPR petitions, and the complexity of the claims).

The last factor the Court will consider is the status of the case. It appears that though the parties have engaged in substantial written discovery, they have held only a single deposition and are in the process of a scheduling others. The trial ready deadline is more than a year away. No claim construction has occurred. *Markman* proceedings have not been held. In short, these proceedings are still in the early stages. *See Arctic Cat*, 2015 WL 6757533, at *4. This factor also weighs in favor of a stay.

The totality of the factors supports a stay. The PTAB proceedings will benefit the Court and parties substantially by simplifying the issues and reducing the cost of this case. The delay that would result from the PTAB proceedings is insufficient to outweigh the benefits of those proceedings. The case is still in its relatively early stages and the Court is well positioned to ensure the matter proceeds efficiently once the PTAB proceedings are complete. For all the forgoing reasons, the Court will grant the motion for a stay. The request for a protective order is denied as moot in light of the Court's order on the motion to stay.

### III. CONCLUSION

Therefore, based upon the record, memoranda, and proceedings herein, **IT IS HEREBY ORDERED** as follows:

1. Medtronic's motion to stay (ECF No. 250) is **GRANTED**. Proceedings in this matter are stayed pending final resolution of inter partes review proceedings Nos. IPR2020-00126 through IPR2020-00138. The parties shall file a joint status update within 14 days after the last final written decision of those proceedings. Absent further order of the Court, the stay shall automatically lift 28 days after the last final written decision of those proceedings.

2. The motion for a protective order is **DENIED AS MOOT.**

3. All prior consistent orders remain in full force and effect.

4. Failure to comply with any provision of this Order or any other prior consistent order shall subject the non-complying party, non-complying counsel and/or the party such counsel represents to any and all appropriate remedies, sanctions and the like, including without limitation: assessment of costs, fines and attorneys' fees and disbursements; waiver of rights to object; exclusion or limitation of witnesses, testimony, exhibits, and other evidence; striking of pleadings; complete or partial dismissal with prejudice; entry of whole or partial default judgment; and/or any other relief that this Court may from time to time deem appropriate.

Date: July 7, 2020

        *s/ Tony N. Leung*
Tony N. Leung
United States Magistrate Judge
District of Minnesota

*Vascular Solutions LLC, et al. v. Medtronic, Inc., et al.*
Case No. 19-cv-1760 (PJS/TNL)